Stewart, J.,
dissenting. I dissent for the same reasons which I expressed in my dissenting opinion in the case of Campbell, Exr., v. Lloyd, ante, 203. Since the Internal Revenue Department deducts the amount of charitable bequests from the amount of an estate *301 before arriving at the amount upon which the federal estate tax is calculated, it seems just to me that the thrust of the tax ’should be upon that portion of the. estate which generates the tax and not upon that portion of the estate which reduces it.
In McDougall, Admr., v. Central Natl. Bank of Cleveland, 157 Ohio St., 45, 104 N. E. (2d), 441, we held:
“Where assets outside of the probate estate are included in a decedent’s taxable gross- estate for estate tax purposes and such inclusion increases the federal estate tax and where the decedent has expressed no intention by will or otherwise as to the ultimate impact of that tax, an equitable portion of the burden of the federal estate tax should be apportioned against such assets outside of the probate estate, in the absence of a state statute requiring a different result.”
If the existence of nonprobate assets which increase the federal estate tax justifies an apportionment so that those assets will bear an equitable share of the tax, it ought to logically follow that tax-exempt legacies which reduce the federal estate tax should not have to bear a share of the tax from which they are specifically exempt.
Middleton, J., concurs in the foregoing dissenting opinion.